UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

U.S. BANK TRUST, N.A., as Trustee for LSF8
Master Participation Trust,

      Plaintiff,

v.

                  1:15-CV-0518
                  (GTS/DJS)

MICHAEL P. SULLIVAN; LAURIE S. SULLIVAN;
and CITIBANK (SOUTH DAKOTA), N.A.,

      Defendants.
_____

APPEARANCES:             OF COUNSEL:

GROSS POLOWY LLC          AMY E. POLOWY, ESQ.
 Counsel for Plaintiff
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221

GLENN T. SUDDABY, Chief United States District Judge

## DECISION, ORDER and JUDGMENT

  Currently pending before the Court, in this real property foreclosure action arising under diversity jurisdiction and filed by U.S. Bank Trust, N.A. ("Plaintiff") against Michael P. Sullivan, Laurie S. Sullivan and Citibank (South Dakota), N.A. (collectively "Defendants"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 13.) For the reasons stated below, Plaintiff's motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

  Generally, liberally construed, Plaintiff's Complaint alleges as follows: (1) on or about August 15, 2006, Defendants executed and delivered to Plaintiff a promissory note ("Note"),

promising to pay Plaintiff the sum of $171,444.81 plus interest on the unpaid amount due; (2) as security for the payment of the Note, Defendants duly executed and delivered a mortgage ("Mortgage") on 17 Manchester Drive, Clifton Park, New York 12065 ("the Property"), recorded on August 18, 2006; (3) Defendants failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment due on October 21, 2013, and subsequent payments; (4) as of April 28, 2015, there was due and owing on the Note and Mortgage a principal balance of $116,842.23 and interest at the rate of 8.55% (accruing from September 21, 2013). (Dkt. No. 1.)

Generally, based on these factual allegations, Plaintiff's Complaint asserts a breach-of-contract claim against Defendants. (*Id*.) As relief, Plaintiff requests a Judgment determining and decreeing as follows: (1) the amount due to Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees all with interest be granted to Plaintiff; (2) that a referee be appointed to sell the Property at auction to the highest bidder, in accordance with Article 13 of the New York Real Property Actions and Proceedings Law ("NY RPAPL"); (3) that the interest of Defendants and all persons claiming by or through them be foreclosed, and the their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished; (4) that Plaintiff be paid out of the sale of proceeds the amounts due for principal, interest, late charges, taxes assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with RPAPL Article 13; (5) that the Property be sold in "as is" condition, subject to

the facts that an inspection or accurate survey of the Property would disclose, the covenants, restrictions, easements and public utility agreements of record, the building and zoning ordinances and violations, and the equity of redemption of the United States of America; (6) that Plaintiff may purchase the Property at sale; (7) that a deficiency judgment be granted against all obligors on the Note, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in bankruptcy, if requested by Plaintiff; (8) that, if Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed, and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale; and (9) that the Court award Plaintiff any additional relief that is just, equitable and proper. (*Id.*)

**B.     Plaintiff's Service of Its Complaint and Defendants' Failure to Answer**

On May 12, 2015, and May 18, 2015, Plaintiff served its Complaint on Defendants. (Dkt. No. 5, at 1; Dkt. No. 7, at 1.) As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint. (*See generally* Docket Sheet.)

**C.     Clerk's Office's Entry of Default and Defendants' Non-Appearance**

On July 21, 2015, Plaintiff requested an entry of default against Defendants pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 9.) On July 22, 2015 the Clerk of the Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 10.) As of the date of this Decision and Order, Defendants have not appeared and attempted to cure that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendants' Non-Response

On September 28, 2015, Plaintiff filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 13.) As of the date of this Decision and Order, Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff argues as follows: (1) Plaintiff has established all the required elements for a foreclosure in conjunction with the Request for Certificate of Default; (2) RPAPL § 1354 requires that the referee conducting the sale to pay out of the proceeds all taxes, assessments and water rates that are liens upon the Property and to redeem the Property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute; (3) Plaintiff is entitled to have the Judgment include reimbursement for its attorney fees for this action in accordance with the terms of the Note and Mortgage; and (4) Plaintiff is also entitled to have the Judgement include reimbursement for its costs, allowances, and disbursements made in this matter in accordance with the terms of the Note and Mortgage. (Dkt. No. 13, Attach. 1.) Familiarity with the particular grounds for Plaintiff's motion for default judgment against Defendants is assumed in this Decision and Order, which is intended primarily for the review of the parties.

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the

party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## III. ANALYSIS

### A. Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of liability, under the circumstances.[1] The Court notes that Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendants. However, no Answer has been filed and no one has appeared on behalf of Defendants. In addition, the Clerk of the Court has already entered default against Defendants, and Plaintiff has served Defendants with its motion for the issuance of default judgment. However, Defendants have still neither responded to the motion nor appeared in this action. Finally, the Court finds that the factual allegations of the Plaintiff's Complaint are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

---

[1] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

For each of these alternative reasons, the Court grants Plaintiff's motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

**B.     Damages**

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its burden of establishing a valid basis for the damages it seeks, under the circumstances. The Court notes that, while a hearing to fix the amount of damages may be conducted,[2] a hearing is not required where the Court has found that there is a basis for the damages specified in the default judgment.[3] Here, the Court has made such a finding.

For example, in support of its damages request, Plaintiff has provided the Note, Mortgage, Assignment, affidavit of its authorized signatory and notices of default (stating the amount owed). (Dkt. No. 4, at 4-27; Dkt. No. 13, Attach. 1, at 23-46; Dkt. No. 13, Attach. 2, at 1-72.) In addition, Plaintiff has provided an affirmation regarding its attorney's fees and costs. (Dkt. No. 13, Attach. 1, at 86-91.)

Therefore, the Court concludes that Plaintiff has met its burden of establishing a valid basis for the damages, and that a default judgment against Defendants is warranted, awarding

---

[2]     Fed. R. Civ. P. 55(b).

[3]     *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

Plaintiff a total amount of $160,533.35 in principal, pre-judgment interest, attorney's fees, and costs and disbursements, calculated as follows:

(1) $116,842.23 principal;

(2) $29,710.33 in pre-judgment interest at the rate of 8.55% from September 21, 2013, through September 30, 2015 (i.e., $27.37 per day multiplied by 739 days) plus $8,405.21 in extension interest, $162.50 property preservation and $1,267.00 in escrow balance, minus $350.71 credits to Plaintiffs;

(3) $8,402.59 in pre-judgment interest at the rate of 8.55% from September 30, 2015, until August 1, 2016) (i.e., $27.37 per day multiplied by 307 days);

(4) $3,500 in attorney's fees; and

(5) $2,078.20 in costs and disbursements.

In addition, Plaintiff is awarded post-judgment interest at the statutory rate until the date of transfer of the Referee's Deed.

### C. Judgment of Foreclosure and Sale

In addition to submitting a proposed Judgment requesting the relief granted by this Decision and Order, Plaintiff has submitted a proposed Judgment of Foreclosure and Sale, which the Court finds to be sufficiently explained in Plaintiff's papers. (Dkt. No. 13, Attach. 1.) The Court therefore accepts and adopts the proposed Judgment of Foreclosure and Sale below.

**ACCORDINGLY**, it is

**ORDERED** that, Plaintiff's motion for entry of default judgment against Defendants (Dkt. No. 13) is **<u>GRANTED</u> with respect to liability**; and it is further

**ORDERED** that Plaintiff's motion for entry of default judgment against Defendants (Dkt. No. 13) is **GRANTED with respect to damages**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter a Judgment in Plaintiff's favor against Defendants in the total amount of **ONE HUNDRED SIXTY THOUSAND FIVE HUNDRED THIRTY-THREE AND THIRTY-FIVE CENTS ($160,533.35)** plus interest at the judgment rate from the date of entry of this Judgment until the date of transfer of the Referee's Deed; and it is further

**ORDERED** that the mortgaged property at 17 Manchester Drive, Clifton Park, New York 12065 ("the Property"), which the Court finds cannot be sold in parcels, shall be sold pursuant to NY RPAPL § 1351, that a deed shall be issued in accordance with NY RPAPL § 1353(1), and that the sale proceeds shall be distributed in accordance with NY RPAPL § 1354; and it is further

**ORDERED** that the Property shall be sold in one parcel at public auction to the highest bidder, as authorized under NY RPAPL § 231(1), at the <u>Building No. 3 of the Rotunda, 30 McMaster Street, Village of Ballston Spa, New York 12020</u>, by <u>Donna Wardlaw, Esq., 443 Broadway, Saratoga Springs, NY 12866, (518) 587-7563</u>, who is hereby appointed Referee to effectuate the sale of the Property, that public notice of the time and place of the sale be made by the Referee in compliance with NY RPAPL § 231(2)(a) and the practice of this Court, and published in <u>The Saratogian</u>; and it is further

**ORDERED** that the Property shall be sold in "as is" condition, defined as the condition the premises are in as of the date of sale and continuing through the date of closing, and that said sale shall be subject to the following:

(a) Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley, or highway, including but not limited to restrictions and easements of record;

(b) Any state of facts that an accurate, currently dated survey might disclose;

(c) Rights of tenants, occupants or squatters, if any. It shall be the responsibility of the Purchaser to evict or remove any parties in possession of the Property. There shall be no pro-rata adjustment in favor of the Purchaser for any rents that are paid for a period after the date of the foreclosure sale; and

(d) The right of redemption of the United States of America, if any; and it is further

**ORDERED** that, in accordance with NY RPAPL § 1353(1), Plaintiff or any other parties to this action may become the Purchaser or Purchasers at such sale; and it is further

**ORDERED** that, at the time of sale, the Referee may accept a written bid from Plaintiff or Plaintiff's attorneys, just as though Plaintiff were physically present to submit the bid; and it is further

**ORDERED** that the terms of sale, to the extent they do not contradict this Judgment or violate any law, shall be binding in all respects on the Purchaser; and it is further

**ORDERED** that, after the sale, the Referee shall deposit, in her name as Referee, the initial bid deposit in her IOLA account, in a bank or trust company authorized to transact business in New York. This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed; and it is further

**ORDERED** that, in accordance with NY RPAPL § 1353(1), upon payment of the purchase price, the Referee shall execute a deed to the Purchaser; and it is further

**ORDERED** that, in accordance with NY RPAPL § 1354, upon payment of the purchase price, the Referee shall make the following payments or allowances from the sale proceeds to Plaintiff:

FIRST: Payment by the Referee, pursuant to NY CPLR § 8003, of FIVE HUNDRED DOLLARS ($500.00), representing the statutory fees for her conducting the sale of the Property;

SECOND: Payment by the Referee for the costs of advertising or posting as listed on bills submitted to and certified by the Referee to be correct;

THIRD: Payment by the Referee, in accordance with NY RPAPL § 1354(1), to Plaintiff or its attorney for (a) amount due Plaintiff, (b) costs and disbursements, and (c) attorney fees and an additional allowance, if awarded;

**Amount Due Plaintiff**. ONE HUNDRED FIFTY-FOUR THOUSAND NINE HUNDRED FIFTY-FIVE DOLLARS AND FIFTEEN CENTS ($154,955.15) plus interest at the judgment rate from the date of entry of this Judgment until the date of transfer of the Referee's Deed.

**Costs and Disbursements**. TWO THOUSAND SEVENTY-EIGHT DOLLARS AND TWENTY CENTS ($2,078.20) adjudged to Plaintiff for costs and disbursements in the action, which will be taxed by the Clerk and inserted herein, with interest at the judgment rate thereon from the date of entry hereof.

**Attorneys Fees**. THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) is hereby awarded to Plaintiff as reasonable legal fees herein, with legal interest from the date of entry of judgment hereof.

FOURTH: Payment, in accordance with NY RPAPL § 1354(2), of all taxes, assessments and water rates that are liens upon the Property, and redemption of the Property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute with such interest or penalties which may lawfully have accrued thereon to the day of payment.

**ORDERED** that Plaintiff may, after entry of this Judgment, make all necessary advances for inspections and maintenance of the Property, taxes, insurance premiums or other advances necessary to preserve the Property, whether or not the advances were made prior to or after entry of Judgment, as long as the advances are not included in the amount due Plaintiff awarded herein, and that the Referee be provided with receipts for the expenditures, which amounts together with interest thereon at the contractual rate from the date of the expense until the date of entry of this Judgment, then with interest at the judgment rate until the date of transfer of the Referee's Deed shall be included in the amount due Plaintiff; and it is further

**ORDERED** that, if Plaintiff is the Purchaser at sale, the Referee shall not require Plaintiff to pay either a deposit or the bid amount, but shall execute and deliver to Plaintiff a Deed of the Property upon the payment of the statutory fees of FIVE HUNDRED DOLLARS ($500.00) for conducting the sale of the Property. Plaintiff shall provide the Referee with proof of the amounts paid for taxes, assessments and water rates upon recording of the deed. The balance of the bid amount shall be applied to the amounts due to Plaintiff as specified herein and that if after applying the balance of the bid amount there is a surplus, Plaintiff shall pay it to the Referee, who shall deposit the funds. In accordance with NY RPAPL § 1354(4), the Referee shall take receipts for the money so paid out by her and file them with her report of sale, and that she deposit the surplus moneys, if any, with the Treasurer of Saratoga County within FIVE (5)

DAYS after those surplus moneys shall be received and ascertainable, to the credit of this action, to be withdrawn only upon the Order of the Court, signed by a judge of this Court; that the Referee make a report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom the payments were made with Clerk of the County of Saratoga within THIRTY (30) DAYS of completing the sale, and executing the proper conveyance to the Purchaser; and it is further

**ORDERED** that transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Referee's Deed shall be paid by the Purchaser and not the Referee from sale proceeds. The Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and it is further

**ORDERED** that the Referee make a report of sale in accordance with NY RPAPL § 1355(1), showing the disposition of the sale proceeds accompanied by the receipts for payments made and file it with the Clerk of the Court within THIRTY (30) DAYS of completing the sale; and it is further

**ORDERED** that the proceeds of such sale, regardless of amount, shall be deemed to be in full satisfaction of the Mortgage debt as authorized by NY RPAPL § 1371(3),(4); and it is further

**ORDERED** that the Purchaser or Purchasers at such sale be let into possession on producing the Referee's Deed; and it is further

**ORDERED** that each and every Defendant in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the Property and each and every part thereof; and it is further

**ORDERED** that the liens of Plaintiff other than the Mortgage or Mortgages that are the subject matter of this action are also foreclosed herein as though Plaintiff was named as a party Defendant, specifically reserving to Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and it is further

**ORDERED** that, by accepting this appointment, the Referee certifies that she is in compliance with Part 36 of the Rules of the Chief Judge (22 N.Y.C.R.R., Part 36), including, but not limited to, § 36.2(c) ("Disqualification from appointment") and § 36.2(d) ("Limitations on appointments based upon compensation") and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the undersigned judge forthwith; and no fee shall be paid to such appointee until the appointee has filed all necessary Office of Court Administration forms with the Court; and it is further

**ORDERED** that, pursuant to NY CPLR § 8003(b), absent application to the Court, further Court Order, and compliance with Part 36 of the Rules of the Chief Judge, the Referee shall not demand, accept or receive more that the statutory amount of FIVE HUNDRED DOLLARS ($500.00) otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

**ORDERED** that the Referee is prohibited from accepting or retaining any funds for herself or paying funds to herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

**ORDERED** that the Referee appointed herein and any party entitled to service be served with a signed copy of the Judgment of Foreclosure and Sale with Notice of Entry.

Dated: August 1, 2016
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge